UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSE CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>)    Civil Action No.:<br>v. )<br>)<br>MONSTER, INC. and )<br>MONSTER, LLC. )<br>)<br>Defendants. )<br>) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

This is a patent infringement action by Bose Corporation ("Plaintiff" or "Bose") against Monster, Inc. and Monster, LLC (collectively, "Defendants" or "Monster"). For its Complaint, Bose alleges as follows:

## PARTIES

1. Bose is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business at The Mountain, Framingham, Massachusetts, within this judicial district.

2. Defendant Monster, Inc. is, upon information and belief, a corporation organized and existing under the laws of Delaware having a place of business at 455 Valley Drive, Brisbane, California 94005 and doing business in Massachusetts.

3. Defendant Monster, LLC is, upon information and belief, a domestic limited liability company organized and existing under the laws of Nevada having places of business at 7251 West Lake Mead Blvd., 3rd Floor, Las Vegas, Nevada 89128 and doing business in Massachusetts.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35, §§ 101, *et seq.* of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants because Defendants regularly conduct business in this judicial District, and have committed and continue to commit acts of patent infringement in the District.

6. Defendants have established minimum contacts with the forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice by deriving substantial revenue from the sale and use of products, including the accused products, placed into the stream of commerce for sale within this District; expecting or being in a position to reasonably expect its actions to have consequences within this District; and regularly doing business, soliciting business, engaging in other persistent acts of conduct, and deriving substantial revenue from goods and services provided to individuals in this District.

7. Bose has its principal place of business in this District, and Defendants' acts cause injury to Bose within this District.

8. Additionally, this is an action between citizens of different States and upon information and belief, the amount in controversy exceeds the sum of $75,000 exclusive of interests and costs. Accordingly, this Court also has jurisdiction pursuant to 28 U.S.C. § 1332.

9. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I—INFRINGEMENT OF U.S. PATENT NO. 8,311,253

10. Bose re-alleges the allegations of paragraphs 1-9.

11.     For almost 40 years, Bose has invested heavily in the research, development, engineering, and design of proprietary technologies implemented in various high-quality audio products including in-ear headphones.[1]  Bose's unique in-ear headphone design allows consumers to use headphones during, for instance, rigorous exercise and other activities that would otherwise cause traditional headphones to fall out of the user's ear canal, without sacrificing comfort.  Bose's in-ear headphones are protected by numerous patents, including U.S. Patent No. 8,311,253 ("the '253 patent") which is entitled Earpiece Positioning and Retaining and covers proprietary aspects of the fit and retention characteristics of Bose's in-ear headphones.

12.     The United States Patent & Trademark Office duly and legally issued the '253 patent to Bose on November 13, 2012.  Continuously since that date, Bose has been and still is the owner of the '253 Patent.  A copy of the '253 patent is attached hereto as Exhibit A.

13.     Upon information and belief, Defendants have been and still are infringing the '253 patent by making, using, importing, offering to sell, and/or selling in-ear headphones embodying the patented invention, including at least their "iSport Intensity" in-ear headphones, without authority.

14.     Upon information and belief, Defendants have acted despite an objectively high likelihood that their actions constitute infringement of the '253 patent, as evidenced by, for instance, Monster's continuing sales of in-ear headphones embodying the patented invention, despite its knowledge prior to the filing of this Complaint that its actions likely constitute infringement.

---

[1] In-ear headphones are also sometimes referred to as "earpieces," "earphones," "earbuds," or "sport headphones."

15. Upon information and belief, Defendants will continue to infringe the '253 patent, and thereby do harm to Bose, unless and until enjoined by this Court.

16. Upon information and belief, Defendants have had actual knowledge of the '253 patent since at least October 16, 2013.

17. Upon information and belief, Defendants' infringement of the '253 patent is willful and deliberate.

18. As a consequence of Defendants' infringement of the '253 patent, Bose has been irreparably damaged to an extent not yet fully determined and will continue to be irreparably damaged unless and until Defendants are enjoined by this Court from committing further acts of infringement.

19. Bose is entitled to recover damages adequate to compensate it for the injuries complained of herein, but in no event less than a reasonable royalty.

20. Bose has placed the required statutory notice on all of its products manufactured and/or sold by Bose under the '253 patent.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff Bose Corporation requests relief against Defendants as follows:

A. A judgment declaring that Defendants have infringed one of more claims of the '253 patent;

B. A judgment awarding Bose damages, in accordance with 35 U.S.C. § 284, adequate to compensate Bose for Defendants' infringement;

C. A judgment declaring that Defendants' infringement of the '253 patent has been willful;

    D.    A declaration that this case is exceptional within the meaning of 35 U.S.C. § 285, entitling Bose to an award of its reasonable attorney fees, expenses and costs in this action;

    E.    A permanent injunction enjoining Defendants, their officers, agents, servants, employees, representatives, licensees, successors, assigns, and all those in privity, active concert, or participation with any of them from further infringing the '253 patent;

    F.    Pre-judgment and post-judgment interest to the full extent allowed under the law, as well as its costs; and

    G.    Such other additional relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff Bose Corporation demands a trial by jury on all issues triable by right of jury.

Respectfully submitted,

Dated: April 10, 2014

*/s/ Jolynn M. Lussier*
Jolynn M. Lussier (BBO 564,636)
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA  02210
Tel:  (617) 542-5070
Fax: (617) 542-8906
lussier@fr.com

Andrew R. Kopsidas
Adam Shartzer
FISH & RICHARDSON P.C.
1425 K Street, N.W., 11th Fl.
Washington, DC 20005
Tel:  (202) 783-5070
Fax:  (617) 783-2331
kopsidas@fr.com; shartzer@fr.com

Attorneys for Plaintiff
BOSE CORPORATION